UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY J. BRODSKI,

        Plaintiffs,

  v.            1:11-cv-336

THE STATE OF NEW YORK (STATE PATROL),

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

  Plaintiff commenced the instant action against an unspecified "state patrol." In the original complaint, Plaintiff contended that the state patrol impeded him, forced him to leave the state and called him on his cell phone and told him he was an undocumented pedophile with respect to conduct in which he may have engaged in the State of Illinois when he was 17 years old.[1] The original complaint also made reference to some assertions by law enforcement agents in Texas concerning back taxes.

  The Magistrate Judge reviewed the Complaint and found that it failed to comply with Fed. R. Civ. P. 8 and 10. The Magistrate Judge recommended that the action be dismissed for failure to comply with Rules 8 and 10 and that Plaintiff be granted leave to file an amended complaint that complied with the applicable rules. Plaintiff did not file objections to the Report-Recommendation. He did, however, file an amended complaint. Upon review

---

[1] Plaintiff is now 50 years old.

of the original complaint and the Report-Recommendation, the Court adopts the Report-Recommendation for the reasons stated therein.

The Court will now review Plaintiff's amended complaint. See 28 U.S.C. § 1915(e)(2). In the amended complaint, Plaintiff asserts a cause of action under 42 U.S.C. § 1983 claiming that "the New York State Patrol used electronic neuro-cellphone equipment" to prevent him from entering the State of New York on two separate occasions while he was a passenger on an Amtrak train. It is claimed that Defendant "turned [him] around at the Pawtucket station with loud dispatch noise, through telephone dispatch equipment." Plaintiff seeks damages in the amount of $5,000,000.

It is well-settled that claims brought pursuant to 42 U.S.C. § 1983 against the state (which includes claims against the New York State Police) are barred by the Eleventh Amendment. Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S. Ct. 2304 (1989); Kentucky v. Graham, 473 U.S. 159, 169, 105 S. Ct. 3099 (1985); Seitz v. Dequarto, 2011 WL 1377881, at *4, — F. Supp.2d —, — (S.D.N.Y. 2011). Because Plaintiff seeks damages against the State of New York for past conduct, the amended complaint fails to state a claim upon which relief can be granted and, therefore, must be DISMISSED. 28 U.S.C. § 1915(e)(2)(B).

For the foregoing reasons, the Court adopts the Report-Recommendation allowing Plaintiff to file an amended complaint and, upon review of the amended complaint, DISMISSES the amended complaint for failure to state a claim upon which relief can be granted.

IT IS SO ORDERED.

Dated: May 3, 2011

_____
Thomas J. McAvoy
Senior, U.S. District Judge